OPINION
Appellant Alicia Ross appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, that granted permanent custody of her children to Appellee Stark County Department of Human Services ("Agency"). The following facts give rise to this appeal. Appellant is the mother of Arlanders Ross, Derrick Wright and Erick Wright. Michael Wright is the father of the children. The Agency first became involved with this family in 1992 when appellant pled guilty to the crimes of involuntary manslaughter and child endangering following the death of her child due to starvation. The trial court sentenced appellant to a prison term of five to twenty-five years, suspended the prison term and placed appellant on probation. At that time, the juvenile court placed Arlanders Ross in foster care and Erick and Derrick Wright were placed, in foster care, immediately following their births. The children returned to appellant's custody, for approximately two years, during her probation. However, on November 13, 1995, the trial court revoked appellant's probation because she violated the terms of her probation by assaulting a neighbor child. At that time, the juvenile court granted temporary custody of the children to the Agency. On July 21, 1997, the Agency filed a motion for long term foster care with regard to all three children. The juvenile court granted the Agency's motion and placed all three children in long term foster care on January 27, 1998. While incarcerated, appellant gave birth to a fourth child which was placed in the permanent custody of the State of Ohio. On August 5, 1999, the Agency filed a complaint for permanent custody alleging that said children could not be placed with either parent for a reasonable period of time. Michael Wright appeared for the permanent custody hearing, on January 10, 2000, and waived his parental rights. Appellant testified that she had a projected release date, from prison, of April 2000. The guardian ad litem presented a report and recommended that the Agency be granted permanent custody of Erick and Derrick, but did not recommend permanent custody for Arlanders Ross due to his special needs and the fact that he would unlikely be able to find an adoptive home. On February 15, 2000, the juvenile court filed its findings of fact and conclusions of law and a judgment entry granting permanent custody, of all three children, to the Agency. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILDREN CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 II. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILDREN WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 I, II
We will address appellant's two assignments of error simultaneously because both concern whether the juvenile court's decision to grant permanent custody of her three minor children, to the Agency, was against the manifest weight and sufficiency of the evidence. In her First Assignment of Error, appellant contends the juvenile court's decision that the minor children could not be placed with her within a reasonable period of time is against the manifest weight and sufficiency of the evidence. Appellant contends, in her Second Assignment of Error, that the juvenile court's decision that the best interests of the minor children would be served by granting permanent custody of her minor children, to the Agency, was against the manifest weight and sufficiency of the evidence. We disagree with both assignments of error. As an appellate court, we do not weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Thus, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279, syllabus. It is based on this standard that we review appellant's two assignments of error. Appellant's First Assignment of Error challenges the juvenile court's decision, under R.C.2151.414(B)(1)(d), that the minor children could not be placed with her within a reasonable period of time. This portion of the statute provides as follows: (B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
* * *
(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
The record indicates appellant has been incarcerated since November 1995, when the trial court revoked her probation after she punched a nine-year-old child in the face. The fact that the children have been in long term foster care since 1995 is sufficient to grant permanent custody to the Agency. In considering whether the children could be placed with either parent within a reasonable period of time, the juvenile court considered the factors contained in R.C. 2151.414(E). Specifically, the juvenile court found that appellant was incarcerated for an offense against a sibling; appellant had been convicted of violating R.C. 2903.04 of the Revised Code and that a sibling of the children was the victim of the violence; and appellant was repeatedly incarcerated and the repeated incarceration prevented her from providing care for the children. Based on this evidence, we conclude the juvenile court's decision to grant the Agency permanent custody of the minor children is supported by sufficient evidence and is not against the manifest weight of the evidence. In her Second Assignment of Error, appellant maintains the juvenile court's finding that the best interests of the minor children would be served by granting permanent custody to the Agency is also against the manifest weight of the evidence. In support of this assignment of error, appellant refers to the fact that the guardian ad litem recommended that permanent custody of Arlanders Ross not be granted to the Agency because is it unlikely that he would find an adoptive home due to his special needs. In considering the best interests of the children, a juvenile court is required to consider the factors contained in R.C. 2151.414(D). In considering these factors, the juvenile court found that since appellant's incarceration, she visited once with her children, on October 9, 1998, at the pre-release center. Appellant corresponded with the children through the mail and by telephone. The twins, Derrick and Erick, are doing well in their placement. They exhibit a strong bond with their foster mother and only a minimal bond with appellant. Their foster parents are interested in adopting them. Prior to the permanent custody hearing, Arlanders Ross had just been relocated to his fifth foster home and was adjusting exceptionally well. The foster parents have not made a commitment concerning the adoption of Arlanders. All three boys have bonded with one another and have sibling visitation. The juvenile court also found that the guardian ad litem recommended that permanent custody be granted to the Agency. However, a review of the guardian ad litem's report indicates the guardian did not recommend that the juvenile court grant permanent custody as to Arlanders Ross. Based on our review of the record in this matter, we find sufficient evidence to support the juvenile court's decision that the grant of permanent custody of all three minor children, to the Agency, is in the best interests of the children. The juvenile court's decision is not against the manifest weight of the evidence.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.
 ____________________ Wise, J.
Gwin, P.J., and Hoffman, J., concur.